

Edgar Holland, pro se.

REEVES, Chief Judge.

The petitioner is held by the state authorities under a judgment of conviction in a state court. He asserts that his constitutional rights were violated preliminary to his conviction and that he has exhausted his remedies in the state courts. He now claims the right to institute a like proceeding in the federal court. Accordingly he has filed his application here.

It was ruled in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, and made a part of the statute by the new Judicial Code, 28 U.S.C.A. § 2254, which provides, that in cases of state custody the remedies of petitioner were limited to the state courts unless "there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." It is further provided in said Section: "An applicant shall not be

**HOLLAND v. EIDSON, Warden.**

**No. 6345.**

United States District Court
W. D. Missouri, W. D.

May 5, 1950.

deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." As indicated, the petitioner must have exhausted all of his remedies in the state court, including an application for certiorari to the Supreme Court of the United States before coming here. Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073; Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247. In the very recent case of Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, upon certiorari to the 10th Circuit Court of Appeals, 172 F.2d 668, the court held as an obiter dictum that where certiorari had been denied the petitioner could or had then qualified for instituting an action in the federal court for the reason that he had complied with the rule in Hawk's case by exhausting his remedies in the state court.

In the case at bar the petitioner has exhausted his remedies in the state court and in view of the Darr case, supra, now feels that he is entitled to institute a proceeding in the federal court.

1. His petition has been examined. It contains the precise averments presented to the Supreme Court of Missouri, which refused a writ, and upon application for certiorari the same averments were presented to the Supreme Court of the United States. Both of these courts denied him relief. The Supreme Court, always solicitous of the rights of the individual, did not perceive upon the record presented to it any grounds for the issuance of a writ of certiorari, and, as stated, the Supreme Court of Missouri specifically held that no legal claim was presented to justify it in issuing a writ of habeas corpus.

2. The petitioner claims that certain of his constitutional rights were violated by his arrest without warrant, his prolonged detention, and examination or questioning, and a denial of a speedy trial. His averments, however, are that after such arrest and prolonged detention the charge against him was dismissed. At a later date he was again arrested and in due course put upon his trial. He was convicted and sentenced to life imprisonment. There is not a single averment in his long complaint intimating or suggesting that the trial court in any way abused due process or that he was not accorded a fair and impartial trial. It is true he makes certain allegations against the conduct of his attorney and that of the prosecuting attorney. However, these were matters for complaint on appeal and in no way deny the jurisdiction of the court. Without any controversy the trial court had jurisdiction and there is no such failure of due process as to oust it of jurisdiction. Any errors committed by the trial court could have been remedied on appeal and as has been frequently stated, habeas corpus is not a substitute for an appeal.

3. Section 2244 Title 28 U.S.C.A. particularly provides that: "No * * * district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court * * * of any State, if it appears that the legality of such detention has been determined by a judge * * * on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge * * * is satisfied that the ends of justice will not be served by such inquiry." It is sufficient to say that the identical question presented here was presented to the Supreme Court of Missouri and ruled adversely to the petitioner, and, moreover, the identical question presented here was also presented on an application for a writ of certiorari to the Supreme Court of the United States and ruled adversely to the petitioner by the refusal of that court to take jurisdiction. The same reasons that prompted the Supreme Court of the United States to deny certiorari would warrant this court in refusing to entertain the application. This is also true as to the action of the Supreme Court of Missouri.

4. If new grounds for a writ had been asserted in the application here, then the applicant should have been relegated to the state court for an exhaustion of his remedies there perforce the provision of Section 2254 Title 28 U.S.C.A.

Under the law this court should not entertain the application for the writ, and it will be denied.