**STATE of Missouri, Respondent,**

v.

**James G. EATON, Appellant.**

**No. 44656.**

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

Leonard Johnson, St. Joseph, for appellant.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

HOLLINGSWORTH, Judge.

This is an appeal from a judgment of the Circuit Court of Buchanan County dismissing defendant's motion "in the nature of a writ of error coram nobis" to set aside and vacate a judgment of conviction

rendered by that court in 1945 whereby defendant was sentenced to imprisonment in the State Penitentiary for a term of 18 years for the murder of one William Van Ross. See State v. Eaton, 355 Mo. 164, 195 S.W.2d 457.

The motion recites the filing of the information by the prosecuting attorney of Buchanan County and defendant's subsequent trial, conviction, sentence and present imprisonment in the State Penitentiary. It then alleges, in substance, that defendant's imprisonment is illegal for the following reasons: When Van Ross was shot and killed, one Albert Jones was a co-proprietor of the tavern in Buchanan County wherein the affray occurred and therein sold intoxicating liquors under a State license. The affray occurred in the immediate presence of Jones and he was the principal witness for the State. Joseph A. Sherman was the Prosecuting Attorney of Buchanan County. In the course of an investigation of the shooting conducted by said Joseph A. Sherman, in his official capacity, Sherman was informed by Jones and other witnesses that Van Ross was the aggressor and that Van Ross had a knife in his hand and was attempting to attack defendant when defendant shot him. Thereupon, Sherman, in his official capacity, told Jones that he, Sherman, intended to and would suppress and conceal all such evidence, and instructed Jones that when called as a witness he should withhold and conceal all such evidence, and, if necessary, testify that Van Ross did not have or wield a knife in the manner aforesaid; and, for the purpose of intimidating Jones and insuring his obedience to the aforesaid instructions, Sherman warned Jones that unless he so testified he, Sherman, would institute a proceeding against Jones whereby the operation of his tavern would be enjoined and he would be forced out of business and thereafter prevented from obtaining a license to sell liquor and would be subjected to a certain criminal prosecution. Jones believed that Sherman would carry out his threat if he, Jones, did not testify as instructed by Sherman and, so believing, agreed to comply with Sherman's demands.

At the trial of defendant, acting under the coercion aforesaid, Jones falsely testified that Van Ross did not have a knife in his hand and did not brandish or use a knife in any manner.

The motion further alleges that in the manner aforesaid, Sherman, in his official capacity and as the agent of the State, for the purpose of obtaining the conviction of defendant, knowingly procured and caused Jones to give perjured testimony and knowingly concealed and suppressed material evidence which, if presented, would have refuted the false testimony given against defendant; and that said prosecuting attorney thereby knowingly deceived the court and jury as to the true facts in the case and brought about the wrongful conviction of defendant and deprived defendant of due process of law, in violation of Section 1 of the 14th Amendment of the Constitution of the United States and Article 1, § 10, of the Constitution of Missouri, V.A.M.S. And finally, the motion alleges that the aforesaid misconduct of the prosecuting attorney and Jones was unknown to defendant when the case was tried and that, in the exercise of due diligence, could not have been discovered by him; and that such misconduct was also unknown to the court at the time of defendant's conviction, and had such misconduct been known to the court it would not have rendered the judgment herein attacked.

The trial court, on motion of the State, dismissed defendant's motion without hearing on the merits on the ground that a motion in the nature of a writ of error coram nobis was not the proper remedy.

Defendant contends that his motion alleged facts showing he was convicted without due process of law; that the judgment and sentence under which he is imprisoned is unconstitutional and void; and that his motion in the nature of a writ of error coram nobis is the proper remedy. In its brief filed in this court, the State does not challenge defendant's contention that the facts alleged in his motion, if proved, deprived defendant of due process and rendered his judgment and conviction void,

but contends merely that a proceeding in the nature of writ of error coram nobis is not the proper remedy.

■ The motion filed by defendant is not to be determined by the name given it, but rather upon the facts alleged and the relief sought. If the facts alleged and the relief sought entitle him to consideration of his motion on its merits, then it is reasonable and just that it be so considered, despite nomenclature.

This brings us to a consideration of our Rule 27.26, 42 V.A.M.S., which became effective April 14, 1952, and which, for the reasons hereinafter stated, we believe requires a hearing of defendant's motion on its merits. (In all fairness to the trial court, we should state that neither the transcript nor the briefs on appeal indicate that Rule 27.26 was brought to the attention of the court.) Rule 27.26, insofar as applicable to this case, is as follows: "A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the pris-

oner or resentence him or grant a new trial or correct the sentence as may appear appropriate. * * *"

The aforesaid rule was taken from and to the extent here involved is, in substance, the same as an Act of the Congress of the United States of June 25, 1948, as amended May 24, 1949, providing a like remedy for relief of persons held in custody under void judgments of Federal courts. Title 28 U.S.C.A. § 2255.

A review of the Federal decisions construing § 2255 clearly establishes that the facts alleged and the relief sought in the instant defendant's motion bring him squarely within the purview of the Federal statute. In the recent case of United States v. Rutkin, 212 F.2d 641, 643, the U. S. Court of Appeals, Third Circuit, reviewed a judgment of the District Court denying a hearing on a motion alleging facts similar, in essence, to those here involved. In that case the defendant had been convicted of income tax evasion, which conviction was thereafter affirmed on appeal. Defendant thereafter moved the trial court for a writ of error coram nobis, wherein he alleged in detail facts tending to show perjury and suppression of evidence connived at by the Government's counsel and others. As stated, the trial court denied the motion. Upon appeal the Court of Appeals pertinently and very much in point on the questions here involved said:

"At the outset, it should be made clear that the court below quite properly treated this motion as if made under 28 U.S.C. § 2255. According to the Reviser's Note, section 2255 'restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis.' There is no reason to refuse to pass on the merits of appellant's claims merely because he has not expressly labeled his petition as a motion under section 2255. In this type of proceeding, the label on the petition or motion is not determinative. United States v. Morgan, 1954, 346 U.S. 502, 505, 74 S.Ct. 247, 249 [98 L.Ed. 248].

"Coram nobis, and its statutory successor, section 2255, are discussed by the Court in the Morgan decision, just cited. 'Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice,' says Mr. Justice Reed for the Court, 346 U.S. on page 511, 74 S.Ct. on page 252. The motion is not to be used by an appellant to review his conviction as on appeal. [Cases cited.] Further, it is clearly established that an appellant must do more to void his conviction than to show the conviction was secured by perjured testimony. He must also show that the prosecution used such testimony knowingly. Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Cobb v. Hunter, 10 Cir., 167 F.2d 888, certiorari denied, 1948, 335 U.S. 832, 69 S.Ct. 19, 93 L.Ed. 385; Ryles v. United States, 10 Cir., 1952, 198 F. 2d 199.

"Nevertheless, the language of the statute is strong and imperative. It provides that the sentencing court shall grant the prisoner a hearing on his motion '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *.' We must determine, therefore, whether there was such a conclusive showing of lack of merit that appellant was properly denied a hearing. [Cases cited.] To the petition, then, we turn.

*     *     *     *     *     *

"The appellant has not expressly alleged that perjured testimony was used knowingly by the prosecution. But he has alleged that the United States Attorney who prosecuted him participated in a conspiracy to convict him and that one of the instruments of that conspiracy was the perjury complained of. We think, therefore, that the allegations of the motion are sufficient to allege the knowing use of perjury by the government. Such an allegation entitles appellant to a hearing under section 2255. James v. United States, 5 Cir., 1949, 175 F.2d 769.  *  *

*     *     *     *     *     *

"The deliberate suppression by the prosecution of evidence favorable to a defendant may constitute a denial of due process. Pyle v. State of Kansas, 1942, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; United States ex rel. Almeida v. Baldi, 3 Cir., 1952, 195 F. 2d 815, 33 A.L.R.2d 1407, certiorari denied, 1953, 345 U.S. 904, 73 S.Ct. 639, 97 L.Ed. 1341. On this ground also, the case must be returned to the district court for a hearing on the allegations of the motion."

Under the foregoing Federal decision and the cases therein cited, we must hold that defendant's motion alleged facts which, if proved, deprived him of due process of law and rendered his conviction unconstitutional and void. When such facts are alleged, our aforesaid Rule 27.26, as does the Federal Act, expressly authorizes the motion filed by defendant herein, and further provides: "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

It is clear that defendant's motion alleged facts sufficient to require hearing thereof as provided in Rule 27.26.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

All concur.