Clarence **MAHURIN**, Petitioner,

v.

E. V. **NASH**, Warden, Missouri State Penitentiary, Respondent.

No. 17428.

United States Court of Appeals Eighth Circuit.

Sept. 3, 1963.

Rehearing Denied Sept. 20, 1963.

———◦———

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner, a Missouri state prisoner, seeks to have us review the District

Court's denial of a certificate of probable cause and to have such a certificate issued by a judge of this Court.

The District Court had denied petitioner's application for a writ of habeas corpus on its face, and refused his request for a certificate of probable cause to enable him to appeal. The Court's memorandum pointed out that petitioner had filed eight previous such applications presenting essentially the same questions, of which denials similarly had been made.

Disposition of those applications, however, occurred before Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, so that the present application would not be entitled to be denied on the ground simply that the same questions were being urged again, unless it could be said that under the concepts and standards of the Noia and Townsend decisions the previous applications had been properly denied on their face, without need for hearing or response.

Petitioner's papers are prolix and largely unintelligible, but it appears that some of the things which he is endeavoring to claim are that he was mentally incompetent to stand trial from the truth serum, lysergic acid, and other drugs which had been administered to him; that entering into the sweep and result of his trial were previous torture inflictions upon him, drug administrations to him, and use of evidence which had been obtained by illegal search and seizure; further, that no witnesses were permitted to be called by him in defense; and, also, that the trial judge had entered the jury room to influence a verdict.

These and such other claims as petitioner may be undertaking to assert are general and conclusionary in their form, but he could, of course, have been required to set out the facts on which he purported to predicate them. Possibly this would have shown them to be without any possibility of substance or reality. Or, if a response had been directed to be made to the application, perhaps the files and records of the trial proceedings might conclusively have so demonstrated.

We do not intend, however, any speculation or implication in this regard. Apart from anything that has previously been said, we deem it unnecessary to look at or attempt to ferret out petitioner's various claims, for if any of them are of such stature as to render his conviction constitutionally invalid, and so to make it subject to federal habeas corpus power, he cannot on the papers which are before us be said to be yet in a position to seek to have his contentions considered by a federal court.

It is not shown or suggested that he has ever undertaken to file a proceeding under Rule 27.26 Mo.Sup.Ct. Rules of Criminal Procedure, V.A.M.R., which appears on its face to be available at any time to deal with claims of "right to be released on the ground that * * * sentence was imposed in violation of the Constitution * * * of * * * the United States", where such claims have not previously been the subject of appropriate resolution.

Rule 27.26 provides:

"A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution and laws of this State or the United States, or that the court imposing such sentence was without jurisdiction to do so, or that such sentence was in excess of the maximum sentence authorized by law or is otherwise subject to collateral attack, may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct the same. Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the

court finds that the judgment was rendered without jurisdiction or that the sentence imposed was illegal or otherwise subject to collateral attack, or that there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. The court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner. An order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment * * *."

The Rule is "taken from" and "is, in substance, the same" as the provisions for vacating sentence existing in 28 U.S. C.A. § 2255. State v. Eaton, Mo.Sup., 280 S.W.2d 63, 65; State v. Thompson, Mo.Sup., 324 S.W.2d 133, 135. On this basis, the Missouri Supreme Court has, for example, held a prisoner entitled to hearing and determination of a claim that his conviction was secured by perjured testimony knowingly used by the prosecution, State v. Eaton, supra, and similarly of a claim in a capital case to the effect that the prisoner "did not and could not understandingly waive counsel because of his lack of experience and knowledge of law, and also because of his limited education", State v. Moreland, Mo.Sup., 351 S.W.2d 33, 35, 36.

We think it only fitting to assume that, in the situation which must now be accepted as confronting from Fay v. Noia, supra, and Townsend v. Sain, supra, the State of Missouri will desire to prevent, to the fullest extent legally possible, its administration of criminal justice and its control of convicted violators from having to be dealt with in federal habeas corpus power, and that it therefore probably will hold that Rule 27.26 is available to examine and correct any alleged constitutional violations in conviction, sentence, or restraint, as they are held to remain open by Noia, and as they implicitly are held to be entitled to the procedural standards of Townsend, if the State is going to undertake to effect proper disposition of them.

Accordingly, we hold that, until petitioner has attempted to assert his claims of constitutional violation through a motion under Rule 27.26 of the Mo.Sup.Ct. Rules of Criminal Procedure, in his sentencing court and through the Missouri Supreme Court, the federal courts are not required to examine or entertain his application for a writ of habeas corpus. His request in the present situation to have a certificate of probable cause issued to him by a judge of this Court is therefore denied.

Certificate of probable cause denied.