William B. DONNELL, Petitioner,

v.

E. V. NASH, Warden, Missouri State Penitentiary, Respondent.

No. 17476.

United States Court of Appeals Eighth Circuit.

Oct. 22, 1963.

Rehearing Denied Nov. 1, 1963.

———◆———

William B. Donnell, pro se.

Thomas F. Eagleton, Atty. Gen., of Missouri, Jefferson City, Mo., for respondent.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Concepts and standards were announced in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770, which neither the state courts nor the lower federal courts had previously been applying in dealing with collateral attacks on state convictions.

Disposition of claims of constitutional violation, which have the capacity to render a state conviction void, cannot now, of course, be properly effected, either by a state court or by a lower federal court, except upon the basis of these announced concepts and standards.

Further, dispositions heretofore made of such claims by the federal courts, in which these concepts and standards have not been applied, are not subject to the operation of the escape provision of 28 U.S.C.A. § 2244 (and habeas corpus principle generally) that a court need not entertain subsequent applications by a prisoner for a writ of habeas corpus upon the same grounds as have previously been presented to and determined by it.

Equally, on the inability of such previous dispositions by state courts to have any determinative significance, for want of application of the concepts and standards in the Noia and Townsend decisions, it seems to us that the federal courts are entitled and called upon to deal realistically with the special situation which has now come to confront both court systems, in its relation to 28 U.S.C.A. § 2254 (exhaustion of state remedies) and the object of the statute to give the state courts "the opportunity to pass upon and correct errors of federal law in the state prisoner's conviction" (372 U.S. at 438, 83 S. Ct. at 848, 9 L.Ed.2d 837).

In other words, we believe that, as a matter of appropriate federal-state relationship and fitting judicial deference in this special situation, the federal courts ordinarily, before entertaining an application by a state prisoner for federal habeas corpus relief, should require him to again seek consideration and determination of his claims of constitutional violation under the state's collateral-attack remedy, in order to give the state courts the opportunity to examine and deal with such claims on the basis of the concepts and standards of the Noia and Townsend decisions. Of course, there would be no purpose or occasion for so requiring, where, from the face of the state's collateral-attack remedy or from decisions imposing limitations upon it, it appears to be improbable that the state courts can or will engage in such a further consideration and determination.

We expressed the view in Mahurin v. Nash, 8 Cir., 321 F.2d 662, that it seemed probable to us that the courts of the State of Missouri would in such a situation, notwithstanding a prior denial by them of relief in habeas corpus, desire the opportunity to further examine and deal with the claims of federal constitutional violation made by a state prisoner, on the basis of Rule 27.26, Mo.Sup.Ct.Rules of Criminal Procedure, V.A.M.R. (taken from and in substance the same as the provisions for vacating sentence existing in 28 U.S.C.A. § 2255). We accordingly held in that case that the District Court was not required to examine or entertain the prisoner's application in federal habeas corpus, until he had undertak-

en to assert his claims of constitutional violation by a current motion under Rule 27.26 in his sentencing court and through the Missouri Supreme Court.

■ This view and holding, to which we adhere, are controlling of the present case, which, too, is one for federal habeas corpus relief on the part of a Missouri state prisoner, with disposition of his collateral attack in the state courts having been made prior to the Noia and Townsend decisions. As in the Mahurin case, the attempt here to have us review the District Court's denial of a certificate of probable cause and to have such a certificate issued by a judge of this Court is accordingly denied.

Application denied.