Edgar **HOLLAND**, Petitioner,

v.

**W. P. STEINHAUSER, Acting Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 990.**

United States District Court
W. D. Missouri,
Central Division.

Feb. 23, 1965.

Amended Order June 23, 1965.

---

**630**

Robert G. Duncan, of Simon & Pierce, Kansas City, Mo., for petitioner.

No "Order to Show Cause" entered.

BECKER, District Judge.

This is a petition for habeas corpus filed by a convict confined in the Missouri State Penitentiary at Jefferson City, Missouri, with the assistance of retained counsel.

Since all facts necessary to the disposition of this petition appear in the petition, which was filed on the questionnaire form of habeas corpus required by Local Rule 22, the respondent was not ordered to show cause why the petition should not be granted.

Petitioner states that in the Circuit Court of Pettis County, Missouri, he was charged with murder in the first degree, pleaded not guilty, was found guilty by a jury, and on February 3, 1945, was sentenced to life imprisonment. The conviction was appealed and affirmed. State v. Holland, 354 Mo. 527, 189 S.W.2d 989.

As grounds for the writ, petitioner states that his rights under the Fourteenth Amendment of the United States Constitution were violated in that it was four days after his arrest before he was given any kind of hearing; that evidence obtained by unlawful search and seizure was introduced against him at his trial; and that he was denied a speedy trial.

Petitioner states that he has utilized the following post conviction remedies in an effort to secure relief on the same grounds asserted herein. On January 9, 1950, the Missouri Supreme Court denied with prejudice his petition for habeas corpus. On April 10, 1950, the United States Supreme Court denied his petition for writ of certiorari, Holland v. Eidson, 339 U.S. 936, 70 S.Ct. 662, 94 L.Ed. 1354. On May 5, 1950, the United States District Court for the Western District of Missouri denied his petition for writ of habeas corpus, 90 F.Supp. 314. All were denied without a hearing. No motion under Missouri Criminal Rule 27.26, V.A.M.S. has been filed in the sentencing court by petitioner.

Section 2254 of Title 28, U.S.C.A., requires exhaustion of available state remedies before relief by way of federal habeas corpus can be granted.

In Cox v. Nash (W.D.Mo.) 226 F. Supp. 87, at page 88 it is stated:

"In Mahurin v. Nash, 8 Cir., 321 F.2d 662, and again in Donnell v. Nash, 8 Cir., 323 F.2d 850, and Hooper v. Nash, 8 Cir., 323 F.2d 995, the United States Court of Appeals for the Eighth Circuit announced the rule that a Missouri state prisoner must exhaust his state remedy by motion under Rule 27.26 of the Missouri Rules of Criminal Procedure before seeking *habeas corpus* relief in the federal courts. This rule affords the Missouri courts the opportunity to examine any claimed violation of rights of the convicted persons under state and federal jurisprudence and in the light of the United States Supreme Court decisions, including Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770."

With Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, Fay v. Noia, supra, and Townsend v. Sain, supra, constitute a "trilogy" outlining presently controlling concepts of constitutional due process which must be utilized by state and federal courts in reviewing post conviction complaints.

▪ Prisoners of the State of Missouri can obtain a post conviction review of alleged violations of their rights under the United States Constitution by use of a Rule 27.26 motion. State v. Pickel (Mo.Sup.) 376 S.W.2d 181; State v. Herron (Mo.Sup.) 376 S.W.2d 192.

▪ Because petitioner has not given the courts of Missouri the opportunity to review his complaints since 1950, and in the light of the Herron and Pickel cases, supra, he has available state post conviction remedies which he has not exhausted nor shown to be ineffective. Therefore the petition should be dismissed without prejudice.

▪ Before again seeking relief by way of federal habeas corpus, petitioner should proceed under Missouri Criminal Rule 27.26 in the sentencing court and appeal any unfavorable ruling by the sentencing court to the Supreme Court of Missouri. Hooper v. Nash (C.A.8) 323 F.2d 995, cert. denied, 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768.

For the reasons stated above, it is hereby

Ordered that the petition be, and it is hereby, dismissed without prejudice.