**Jack Gene WITT, Appellant,**

v.

**E. V. NASH, Warden, Missouri State Penitentiary, Appellee.**

**No. 17865.**

United States Court of Appeals
Eighth Circuit.

March 22, 1965.

Jack Gene Witt, pro se.

Norman F. Anderson, Atty. Gen., Jefferson City, Mo., and Howard L. McFadden, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before VAN OOSTERHOUT and MATTHES, Circuit Judges, and YOUNG, District Judge.

PER CURIAM.

Jack Gene Witt, appellant herein, was found guilty of second degree burglary and stealing in the Circuit Court of Greene County, Missouri. The judgment of conviction was affirmed, State v. Witt, 371 S.W.2d 215 (Mo.Sup.1963). Appellant seeks his release from the Missouri penitentiary by this habeas corpus proceeding which he filed in the United States District Court for the Western District of Missouri. In his petition for writ of habeas corpus, appellant asserted that certain evidence that was introduced in the trial of his case was the product of an illegal search and seizure. The District Court denied the application for the writ and held in its supporting memorandum opinion (unpublished) that the questioned search was not violative of the Fourth and Fourteenth Amendments of the United States Constitution. Thereafter, appellant applied for and was granted a certificate of probable cause and leave to appeal *in forma pauperis*.

We do not reach the merits of the search and seizure question.

It appears without dispute that appellant has not undertaken to obtain relief under Rule 27.26 Mo.Sup.Ct.Rules of Criminal Procedure, V.A.M.R. which is "taken from" and "is, in substance, the same" as the provisions for vacating sentence existing in 28 U.S.C.A. § 2255. State v. Eaton, 280 S.W.2d 63, 65 (Mo. Sup.1955); State v. Thompson, 324 S.W. 2d 133, 135 (Mo.Sup. en banc 1959).

In Mahurin v. Nash, 321 F.2d 662 (1963), cert. denied Mahurin v. Missouri, 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422 (1964), decided after Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and Townsend v. Sain, 372 U.S.

293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), we denied an application for certificate of probable cause on the ground that petitioner had failed to exhaust his state remedies, and observed 321 F.2d at page 664:

"We think it only fitting to assume that, in the situation which must now be accepted as confronting from Fay v. Noia, supra, and Townsend v. Sain, supra, the State of Missouri will desire to prevent, to the fullest extent legally possible, its administration of criminal justice and its control of convicted violators from having to be dealt with in federal habeas corpus power, and that it therefore probably will hold that Rule 27.26 is available to examine and correct any alleged constitutional violations in conviction, sentence, or restraint, as they are held to remain open by Noia, and as they implicitly are held to be entitled to the procedural standards of Townsend, if the State is going to undertake to effect proper disposition of them."

We adhered to Mahurin in Donnell v. Nash, 8 Cir., 323 F.2d 850 (1963), cert. denied 376 U.S. 924, 84 S.Ct. 686, 11 L. Ed.2d 619 (1964); Hooper v. Nash, 8 Cir., 323 F.2d 995 (1963), cert. denied 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768 (1964); Knicker v. Nash, 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 768 (unpublished order dated September 6, 1963), cert. denied March 9, 1964.

The Attorney General of Missouri in this case takes the position that appellant has not exhausted the State remedies open to him within the meaning and standards of Fay v. Noia, and Townsend v. Sain, supra, and suggests that the "state sentencing court under Rule 27.26 should be given the opportunity to examine the question of whether or not the search and seizure complained of by appellant is in fact contrary to Preston v. United States [376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964)] and State v. Edmondson [379 S.W.2d 486 (Mo.Sup. 1964)]." The suggestion of the Attorney General accords with our ruling in the cases cited supra. We have nothing here which requires a deviation from that ruling. Accordingly, we vacate the order appealed from and remand the action to the District Court with directions to dismiss the proceeding without prejudice to appellant to file a motion for relief under Rule 27.26, supra. It is so ordered.