**Paul FLESCHNER, Plaintiff,**

v.

**Dan D. STEPHENS, and the State of Arkansas, Defendants.**

**No. PB–65–C–43.**

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Dec. 16, 1965.

Paul Fleschner, pro se.

Fletcher Jackson, Asst. Atty. Gen., R. E. Wallin, Asst. Atty. Gen., Little Rock, Ark., for defendants.

GORDON E. YOUNG, District Judge.

This is a petition for a writ of Habeas Corpus filed in forma pauperis by Paul Fleschner on September 3, 1965. Fleschner (hereinafter referred to as petitioner) is now serving a term of life imprisonment for rape in the Arkansas State Penitentiary. In his petition he alleges several violations of his constitutional rights which he claims make his arrest, trial and subsequent imprisonment illegal and unconstitutional. Among petitioner's various claims are allegations of arrest without a warrant; duress, coercion and beatings while being questioned in connection with the alleged crime; denial of counsel in the period after arrest and before trial as well as at the trial; a denial of the right to subpoena witnesses; and also an unconstitutional delay of 90 days between arrest and arraignment.

The defendant denies all of the allegations and asks the court to dismiss the petition.

In cases of this kind, the courts generally have required strict compliance with 28 U.S.C.A. § 2254. This statute provides that applications for a writ of habeas corpus in behalf of a State prisoner shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state, or that there is no state corrective process, or that the available process would be ineffective to protect the prisoner's rights.

Nowhere in his petition does petitioner allege that he has exhausted his state remedies. In fact, since the Arkansas Supreme Court formally promulgated a

new post conviction procedure rule as late as October 18, 1965,[1] and since this petition was filed September 3, 1965, it is impossible for petitioner to have taken advantage of the remedies now available to him.

The new post conviction procedure rule provides that a prisoner may collaterally attack his sentence in the court in which he was originally sentenced by filing ·a verified motion or petition asking that the sentence be vacated or corrected. This rule is much like the federal post conviction review provisions of 28 U.S. C.A. § 2255 in that one of the recognized grounds for such a collateral attack is "that the sentence was imposed in violation of the Constitution and laws of the United States or this State  *  *  * "

The rule also provides that if the circuit court is satisfied that the prisoner is unable to pay the cost of the proceeding or for an attorney the court may appoint an attorney to represent the prisoner and award fees to the attorney (for the hearing and appeal if necessary) to the extent provided for by Ark.Stats. Ann. Secs. 43–2415 et seq.

It appears that with the promulgation of this new rule, the state has provided an adequate and effective procedure for a prisoner to protect his constitutional rights.

Within the past year the United States Supreme Court and the Court of Appeals for the Eighth Circuit have had occasion to rule on habeas corpus cases in which a post conviction procedure rule or act was put into effect after the petition had been filed. In Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965) the Supreme Court granted certiorari "to decide whether the Fourteenth Amendment requires that the States afford state prisoners some adequate corrective process for the hearing and determination of claims of violation of federal constitutional guarantees". After the Court had granted certiorari, the Nebraska Legislature passed a post conviction procedure act.  This act among other things provided for a state court hearing of petitions alleging denial of federal constitutional rights.  The Supreme Court remanded the case to be reconsidered in the light of the new statute even though the petition for habeas corpus was filed long before the act was passed.

The Court of Appeals for the Eighth Circuit in its construction of Sec. 2254 on several occasions has referred cases to the state system to be reconsidered on the basis of a statute or state supreme court rule which was promulgated after the petition was filed.[2]  In two very recent decisions concerned with the same Nebraska Act as was involved in Case v. State of Nebraska, the Court of Appeals said that in view of the new statute the cases would be dismissed without prejudice to be reconsidered by the state courts.  The Court also pointed out that the law to be applied in these cases was the law at the time of the decision and not that law which existed previously.[3]

Therefore, since the Arkansas Supreme Court has provided a seemingly adequate and effective procedure whereby the petitioner may collaterally attack his sentence and protect his constitutional rights, the petitioner is required to exhaust this remedy before coming to the federal courts.  As Mr. Justice Clark said, "This will enable prisoners to 'air out' their claims in the state courts and will stop the rising conflict presently being generated between federal and state courts." [4]

The petition will be dismissed without prejudice so that petitioner may pursue his state remedies.

1.  239 Ark. 850a (1965).

2.  Mahurin v. Nash, 321 F.2d 662 (1963); Donnell v. Nash, 323 F.2d 850 (1963).

3.  Dabney v. Sigler, 345 F.2d 710 (1965); . Ellenson v. Fugate, 346 F.2d 151 (1965).

4.  Case v. State of Nebraska, supra at 340, 85 S.Ct. at 1488.