258 F.Supp. 452 (1966)
Donald Gene DURHAM, Petitioner,
v.
Edward E. HAYNES, etc., Respondent.
No. N 65C 25.
United States District Court E. D. Missouri, N. D.
January 19, 1966.
Amended January 31, 1966.
Donald Gene Durham, in pro. per.
Thomas F. Eagleton, Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDER
REGAN, District Judge.
Donald Gene Durham, presently in custody of the State of Missouri, seeks a writ of habeas corpus, alleging that his restraint is violative of his federal constitutional *453 rights. The petition for the writ was lodged by the clerk, pending a ruling on Durham's application to file the petition in forma pauperis. Said application is hereby sustained, but for the reasons hereafter stated the petition for the writ is denied.
Briefly stated, the grounds upon which Durham relies as constituting a violation of the Constitution fit into the following categories: (1) The admission into evidence of certain articles allegedly obtained by means of an illegal search by the Illinois State Police of Durham's automobile; (2) Holding a preliminary hearing without affording petitioner adequate opportunity to employ counsel; (3) The failure to declare a mistrial or grant a new trial by reason of a trial incident in which his counsel's closing argument was interrupted by officers seeking to prevent the attempted escape of co-defendant not on trial; and (4) The alleged ambiguity and indefiniteness of the judgment and sentence, so that allegedly it could not be ascertained whether the punishment against Durham for burglary and for larceny committed in connection therewith is consecutive or concurrent.
Petitioner alleges that he has exhausted all available state remedies. That he has kept the courts busy in his efforts to obtain freedom from imprisonment cannot be denied. However, that fact alone cannot be equated with exhaustion of available remedies. True, he appealed his conviction to the Missouri Supreme Court, and that Court affirmed his conviction. State v. Durham, Mo., 367 S.W. 2d 619, cert. den. 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89. On his appeal, the Missouri Supreme Court ruled adversely to petitioner on two of the points now made the basis for his petition for writ of habeas corpus, namely, the illegal search and seizure and the trial incident. The other points now raised were not preserved in the motion for new trial, and were neither presented to nor considered by the Supreme Court on the direct appeal.
In November, 1963, Judge Duncan of the Western Division of this District denied, without prejudice, a petition by Durham seeking a writ of habeas corpus, the denial being based upon the ground that as a condition precedent to such an application it was necessary that Durham first file and prosecute a motion to vacate, set aside or correct his sentence under Rule 27.26 of the Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R. (citing Donnell v. Nash, 8 Cir., 323 F.2d 850, and Hooper v. Nash, 8 Cir., 323 F.2d 995; and see Witt v. Nash, 8 Cir., 342 F.2d 791.) As noted in the Witt case, Rule 27.26 is taken from and in substance is the same as the provisions for vacating sentence existing in 28 U.S.C.A. § 2255.
Reluctantly accepting Judge Duncan's ruling,[1] petitioner then filed in the trial court a motion to vacate sentence under Rule 27.26. This motion was denied, as Durham anticipated. On appeal (in which petitioner had the admittedly effective assistance of appointed counsel), the Supreme Court of Missouri affirmed the trial court's order refusing to vacate the sentence. State v. Durham, Mo., 386 S.W.2d 360, cert. den. 382 U.S. 857, 86 S.Ct. 110, 15 L.Ed.2d 94.
Petitioner insists that he has traveled the full route required of him by Judge Duncan, and may now prosecute in this court his instant petition for writ of habeas corpus. What he overlooks is that his Rule 27.26 proceeding raised only one point for decision, namely "that defendant's rights under the Fourteenth Amendment to the United States Constitution were violated by an illegal search of his automobile and the seizure of property therefrom, and that the trial court erred in overruling his motion to suppress that evidence." (386 S.W.2d, l. c. 361). The foregoing statement made *454 in the Supreme Court's opinion is fully substantiated by our own inspection of the transcript on appeal in the Rule 27.26 proceeding.
It follows that only the point relating to the alleged unlawful search of his automobile may now be considered by us, if we are to heed the admonition of § 2254, Title 28 U.S.C., and the consistent rulings of the Court of Appeals for this circuit, some of which have been cited supra. Petitioner has not exhausted his available state remedies as to his remaining contentions not previously advanced in a Rule 27.26 proceeding, so that such contentions are not properly before us and may not be considered. See Hughes v. Heinze, 9 Cir., 268 F.2d 864, 866.
A full hearing on the sole issue we may consider was accorded petitioner in the state court. This issue was ruled, both on the direct appeal and in the Rule 27.26 proceeding, on the evidence adduced at the hearing of petitioner's motion to suppress. Of course, the fact that Missouri courts have twice held that the search complained of was reasonable and incidental to a lawful arrest does not affect the duty of this court to make its own independent determination as to the propriety of the search.
The transcripts on appeal in both the original case and the Rule 27.26 proceeding have been made available to the Court by the Circuit Clerk of Phelps County.[2] We have carefully read the testimony relating to the arrest of the driver and the search of the automobile, and find that such testimony is fairly abstracted and summarized in the two opinions of the Missouri Supreme Court above cited, and need not here be repeated. There is substantial, credible, evidence which supports the conclusion of the state court that the search of the automobile was reasonable and incidental to the lawful, bonafide, arrest of the driver, and our appraisal of the testimony leads us to the same conclusion. In the circumstances of this record there is no basis for any contention that the driver's arrest was a sham, intended simply to be used as a pretext or subterfuge for making a search of the automobile.
The driver's arrest was on a charge of improperly displayed license plate. The license plate, in violation of Illinois law, was partially "obstructed" by the bumper, so that the numbers could not be read. This was undisputed. We take note of the fact that the automobile had an out-of-state (Missouri) license. The search made by the patrolman was for a possible weapon which may well have been concealed under the blanket or the seat, and was reasonably made under all the existing circumstances to insure the safety of the arresting officer. Cf. the language used in Preston v. United States, 376 U.S. 364, 367 [84 S.Ct. 881, 11 L.Ed.2d 777]. In the instant situation the search immediately followed and was substantially contemporaneous with the driver's arrest. It was made at the scene of that arrest. We further note that according to petitioner's testimony given at the hearing of his motion to suppress, he voluntarily agreed to accompany the officers to Washington Park to enable them to check his statement that he had purchased and was the owner of the "stuff" which they had found during the search.
As we read Durham's petition, his present theory is that the search was illegal because it preceded his own arrest. It appears that after the search was concluded, and while the automobiles were proceeding to the police station, the officer observed some papers being thrown from the Durham automobile, and thereupon stopped the automobile and placed Durham under arrest for disorderly conduct by littering the highway. However, the validity of the search theretofore *455 made does not depend upon Durham's subsequent arrest. The search would be no less valid if Durham's conduct during the trip to the police station had not been such as to result in his own arrest. Of decisive importance is the lawful arrest of the driver of the vehicle and the reasonableness of the search made immediately thereafter. All of the articles involved in the motion to suppress were either seen by the officers prior to and without the necessity of search (the radio and the display carton of screwdrivers) or were disclosed in the course of the contemporaneous search which immediately followed the driver's arrest. Of course, as to those articles in plain sight, the observation thereof was no search, "for it is well established that it is not a search to see what is patent and obvious". Fagundes v. United States, 1 Cir., 340 F.2d 673, 676.
In view of the foregoing, petitioner is not entitled to a writ of habeas corpus and his petition for a writ of habeas corpus must be and is hereby denied.
NOTES
[1] The motion states that Durham believes his remedy under Rule 27.26 is inadequate, but is nevertheless proceeding thereunder "for the reason of getting the record to show that Rule 27.26 has been exhausted so that petitioner can seek recourse and justice and due process of law in the Federal Dist. Court."
[2] In his petition for the writ, Durham requests this Court to subpoena the various transcripts and court proceedings, and states that "petitioner offers the same or the contence (sic) thereof in support of his contention that his conviction is illegal, unlawful, and unconstitutional."