Eddie B. JOYNER, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri
State Penitentiary, Jefferson City,
Missouri, Respondent.

Civ. A. No. 1032.

United States District Court
W. D. Missouri,
Central Division.

June 13, 1966.

Eddie B. Joyner, pro se.

## ORDER DISMISSING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

This is a petition for a writ of habeas corpus filed by a state convict confined in the Missouri State Penitentiary at Jefferson City, Missouri. Petitioner seeks and will be granted leave to proceed in forma pauperis.

Petitioner states that he was convicted by a jury in the Circuit Court of Pemiscot County, Missouri, and sentenced on July 11, 1963, to thirty-five years imprisonment; and that the judgment of conviction was affirmed on appeal by the Missouri Supreme Court. [See State v. Joyner (Mo.Sup. en banc, 1964) 382 S.W.2d 683, where at 684 it appears that petitioner's conviction was on a charge of rape by carnally and unlawfully knowing a female child under the age of sixteen in violation of Section 559.260, RSMo 1959, V.A.M.S.].

The only ground relied upon by petitioner is that a coerced and involuntary confession was admitted at his trial in violation of his federal constitutional rights.

His claim in substance set forth in paragraph 10 of his petition for habeas corpus on the questionnaire form prescribed by Rule 22 of this Court is as follows:

"10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:

"(a) Conviction contrary to the due process clause of the Fourteenth Amendment to the United States Constitution, because confession of guilt obtained by police officers was obtained as a result of mental and physical coercion and admitted into evidence at trial."

The first question to be decided is whether or not the petitioner has exhausted the currently available post-conviction remedies under Missouri jurisprudence.

Missouri accords a post-conviction remedy under Missouri Criminal Rule 27.26, V.A.M.R. which is in substance the same as Section 2255 of Title 28. Witt v. Nash (C.A.8) 342 F.2d 791. Furthermore, after acknowledging the applicability of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the Missouri Supreme Court has held that convicts were entitled to a review of prior convictions in the light of the principles of the trilogy and in accord with federal constitutional standards. State v. Pickel (Mo.Sup.) 376 S.W.2d 181; State v. Herron (Mo.Sup.) 376 S.W.2d 192. In this case, the petitioner states that he has not filed any motion under Missouri Criminal Rule 27.26 nor any petition for state habeas corpus which may be an alternative remedy under Missouri jurisprudence.

Ordinarily, the federal courts will not entertain a petition for habeas corpus to review a state conviction in Missouri unless the convict has sought relief under Missouri Criminal Rule 27.26 since the acknowledgment by the Missouri Supreme Court of the doctrine of the trilogy, and has unsuccessfully appealed from any denial of relief under Missouri Criminal Rule 27.26 to the Supreme Court of Missouri. This is so unless there are exceptional circumstances rendering the remedy inadequate or ineffective. Therefore, unless there are exceptional circumstances existing in this case this petition for habeas corpus should be dismissed without prejudice because of the failure of the petitioner to exhaust his currently available remedies under Missouri Criminal Rule 27.26. Mahurin v. Nash (C.A.8) 321 F.2d 662, cert. den. as Mahurin v. Missouri, 375 U.S. 977, 84 S.Ct. 497, 11 L.Ed.2d 422; Donnell v. Nash (C.A.8) 323 F.2d 850, cert. den. 376 U.S. 924, 84 S.Ct. 686, 11 L.Ed.2d 619, reh. den. 376 U.S. 959, 84 S.Ct. 974, 11 L.Ed.2d 578; Hooper v. Nash (C.A.8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d

768; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196. The petitioner has filed in support of his petition a copy of the opinion of the Missouri Supreme Court recorded in his direct appeal from his conviction in question. State v. Joyner (Mo.Sup. en banc, 1964) 382 S.W.2d 683. He has also filed a copy of the transcript on appeal in this case. These documents show that the trial of the defendant occurred on April 18, 1963. The motion for the new trial upon which the appeal review was based was filed on May 29, 1963. All of these proceedings occurred before the rulings of the Supreme Court of Missouri expressly acknowledging the applicability of the doctrine of the trilogy and before there was a general understanding of the doctrine of the trilogy by the courts at large, state and federal. The appeal was determined in 1964 before the announcement of the rule in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

Before entertaining federal habeas corpus on the merits in this case, it is reasonable and proper to require that the petitioner secure a ruling by trial court on a motion under Missouri Criminal Rule 27.26 on the voluntariness of his confession and the procedure by which the issue of voluntariness was originally decided, and that he thereafter appeal any adverse ruling thereon to the Supreme Court of Missouri. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed. 908, for procedural requirements. See also State v. Washington (Mo.Sup.) 399 S.W.2d 109.

In a case such as this, the only time that a federal district court should treat the ruling against the defendant on direct appeal as an exhaustion of state remedies in respect to an allegedly coerced confession is when it is agreed by all parties that all evidence on the issues has been offered and the trial court has consistently with federal constitutional standards relating to procedure and voluntariness determined the exact question presented to the federal court on federal habeas corpus. This does not appear in this case. The state court may hold a post-conviction evidentiary hearing on the voluntariness of the confession and make new findings if it had not previously done so. Jackson v. Denno, supra.

For the foregoing reasons the petition for writ of habeas corpus is denied for failure to exhaust currently available state remedies. It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that this petition be, and it is hereby, dismissed without prejudice.