**Donald Gene DURHAM, Appellant,**

v.

**Edward E. HAYNES, Superintendent, Appellee.**

**No. 18351.**

United States Court of Appeals Eighth Circuit.

Dec. 2, 1966.

Rehearing Denied Dec. 20, 1966.

Donald Gene Durham, pro se.

Norman H. Anderson, Atty. Gen. of Missouri, Jefferson City, Mo., for appellee.

Before VOGEL, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Donald Gene Durham, hereafter referred to as appellant, is a Missouri State prisoner in the custody of Edward E. Haynes, Superintendent of the Missouri Training Center for Men, Moberly, Missouri. He was found guilty of burglary and stealing by a jury in the Circuit Court of Phelps County, Missouri. Finding that appellant had been convicted of prior felonies, the court sentenced him, under the state habitual criminal act, to a term of eight years for the burglary and four years for the stealing, the terms to run consecutively. This conviction was affirmed, State v. Durham, 367 S.W.2d 619 (Mo.1963). Subsequently, appellant filed a motion in the state trial court to vacate the judgment under Rule 27.26 of the Missouri Supreme Court. V.A.M.R. Mo.Sup.Ct.

**990**

(Crim.) R. 27.26. Such a motion under Rule 27.26 (which is the same in substance as 28 U.S.C. § 2255) is a prerequisite to the exhaustion of appellant's available state remedies. Witt v. Nash, 342 F.2d 791 (8th Cir. 1965). The only point which appellant raised on appeal from the denial of his motion to vacate the judgment was that his Fourth Amendment rights were violated by an illegal search of his automobile and seizure of property therefrom. The Missouri Supreme Court affirmed, State v. Durham, 386 S.W.2d 360 (Mo.1965).

In December, 1965, appellant filed a seventy-one page petition for writ of habeas corpus in the United States District Court, Eastern District of Missouri. The petition manifests a concoction of numerous, baseless allegations concerning a denial of his constitutional rights both during and prior to the state court trial. The district court, Honorable John K. Regan, denied the writ, but granted a certificate of probable cause. Durham v. Haynes, 258 F. Supp. 452 (Jan.1966). Hence this appeal.

From our examination of the entire record and the briefs, we conclude that appellant has presented nothing to the district court which would warrant us in holding that he is being unlawfully detained or deprived of his liberty.

■■ Appellant, in his lengthy pro se brief filed in this court, has presented thirteen points or contentions of error, six of which are centered on an alleged illegal search and seizure which the Supreme Court of Missouri and the district court have properly determined to have been valid. The seven remaining contentions consists of a conglomeration of alleged constitutional infirmities during his state court trial. Viewed realistically, it is evident that appellant is complaining of matters which, if true, amount to nothing more than procedural errors. Such errors are lacking in sufficient gravity to constitute a denial of due process or a deprivation of appellant's constitutional right to a fair trial. They cannot be reviewed in this proceeding. It is authoritatively settled "that the writ of habeas corpus will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982 (1947). In short, habeas corpus is not a remedy for collaterally attacking errors in trial procedure. Wilson v. State of Nebraska, 316 F.2d 84, 86 (8th Cir. 1963); United States v. Sobell, 314 F.2d 314, 324 (2d Cir. 1963).

The order denying the writ of habeas corpus is affirmed.