**Clarence W. MAHURIN, Petitioner,**

v.

**STATE OF MISSOURI, Respondent.**

**No. 70 C 149(1)**

United States District Court,
E. D. Missouri, E. D.

June 8, 1970.

Clarence W. Mahurin, pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Petitioner, presently confined in the Missouri State Penitentiary at Jefferson City, Missouri, has previously requested leave to proceed in forma pauperis and filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254 in the United States District Court of the Western District of Missouri, which court granted leave to proceed in forma pauperis and transferred the matter to this court. A show cause order was issued and the State of Missouri has responded.

Petitioner states that on November 28, 1949, he was sentenced by the Circuit Court of Ste. Genevieve County, Missouri, to a term of life imprisonment following a jury conviction for murder in the first degree. The conviction was affirmed on direct appeal to the Missouri Supreme Court. State v. Mahurin, 240 S.W.2d 110, 111 (Mo.1951). Petitioner has previously filed a petition for writ of habeas corpus in the federal court, and the same was denied in view of petitioner's failure to exhaust his adequate and available state remedies under Missouri Supreme Court Rule 27.26, V.A.M.R., Mahurin v. Nash, 321 F.2d 662 (8th Cir. 1963).

The present petition is incoherent and largely unintelligible, but eleven grounds in support appear to be raised: (1) Forged evidence was used in his criminal trial to secure his conviction; (2) the verdict of the jury was against the weight of the evidence; (3) the prosecution knowingly used false and perjured testimony to secure his conviction; (4) a change of venue was granted him without his knowledge or consent; (5) he was denied legal assistance at all stages of the criminal proceedings against him; (6) no hearing was held to determine his competency to stand trial; (7) he was subjected to brutality and torture by use of truth serum and lysergic acid; (8) his trial was dominated by a mob; (9) he was denied the right to compel attendance of witnesses in his behalf; (10) he was denied the right to testify in his own behalf; and (11) he was not taken immediately before a magistrate judge upon his arrest.

The files and records before the court disclose that petitioner filed a motion under Missouri Supreme Court Rule 27.-26 seeking to have his conviction and sentence set aside in the Circuit Court of Ste. Genevieve County, Missouri. A hearing was held on the motion and the motion was overruled on April 27, 1970. Petitioner filed a notice of appeal to the Missouri Supreme Court by his attorney on April 30, 1970 (Exhibit A attached to the Response to Order to Show Cause by the Attorney General of the State of Missouri). The appeal is presently pending (Exhibit B attached to the Response to Order to Show Cause by the Attorney General of the State of Missouri).

It is obvious that petitioner has not exhausted his remedies in the Missouri courts. His present application for habeas corpus relief is premature. 28 U.S.C.A. § 2254; Mahurin v. Nash, supra; Worley v. Swenson, 386 F.2d 186 (8th Cir.)

It is ordered that the petition for writ of habeas corpus be and the same is hereby dismissed.