### STATE v. PAYNE.

It is no bar to an indictment for a riot; that def. was convicted before a J. P. under the laws of the corporation of St. Louis, of the same offence. Riots &c. are expressly excepted by statute from the jurisdiction of a J. P.

G. A. BIRD, Circuit Attorney.

The error assigned here, is, that judgment was rendered for the defendant, when by the law of the land, it

JUNE TERM
1836.

State
v.
Payne.

should have been for the State—the defendant denies the error.

1. The plaintiff insists that said Wilson Primm J. P. &c. had no jurisdiction over the offence for which said Payne and others were indicted.

2. That the Mayor, Aldermen and citizens of the city of St. Louis, had no jurisdiction over the offence for which said Payne and others were indicted.

3. That even if said justice of the peace, or said Mayor &c. had jurisdiction, the defendant's plea is bad, in this, that it does not set out the ordinance, under which the said justice of the peace acted, when he fined said Payne as aforesaid.

Opinion of the court delivered by McGirk Judge.

The defendant Payne, was indicted for agreeing with two others, to unlawfully beat and assault one Henry Francis, and also for actually proceeding to put said agreement in execution. The defendant Payne, pleaded, that on a certain day before the filing said plea, he had been sued before one Wilson Primm, a justice of the peace for the county and township of St. Louis; and was before said justice convicted of the same offence in an action of debt, under the laws of the corporation of the said city of St. Louis, and under the said conviction, he was condemned in the sum of fifty dollars, wherefore he prays judgment &c. The State demurred to the plea, and the circut court gave judgment for the deft.

It is no bar to an indictmt. for a riot, that def. was committed before a J. P. under the laws of the corporation of St. Louis, of the same offence. Riots &c. are expressly excepted by statute from the jurisdiction of a J. P.

The sole question is, does the conviction before the justice under the laws of the corporation, create a good bar to the indictment? The act of the general assembly of 1821, and re-enacted in 1831, and continued to the present time, giving justices of the peace jurisdiction expressly, excepts from the jurisdiction of justices of the peace, all cases of riots; this case is thereby not triable before a justice of the peace. It is admitted by the record that Primm was a justice of the peace, under the authority of the general law of the land, and as such he is expressly by the act, transferring assaults and batteries to justices of the peace, prohibited from holding pleas in regard to riots &c. This jurisdiction belongs to the circuit court; the plea of the defendant does not set out the ordinances of the corporation. We do not therefore exactly know how the Mayor and Aldermen have treated the subject, but so far as the matter is before us, it seems to us the court erred in overruling the demurrer. In the case of the State v. Simond, the act of incorporation

expressly conferred authority on the city to make laws in regard to gaming; therefore, the court held that a conviction under the corporation law, was a bar to an indictment in the circuit court for the same thing—3 vol. M. R. 413. This was a case of concurrent jurisdiction; the case at bar is not, so far as the justice's jurisdiction is concerned of that kind. Judgment reversed, cause remanded for a new trial.