James COX, Petitioner,

v.

Elbert V. NASH, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Robert WILLIAMS, Petitioner,

v.

Elbert V. NASH, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. Nos. 14801-4 and 14802-4.

United States District Court
W. D. Missouri, W. D.

Jan. 27, 1964.

James Cox, pro se.

Robert Williams, pro se.

BECKER, District Judge.

Petitioner James Cox and petitioner Robert Williams, both imprisoned in the Missouri State Penitentiary, Jefferson City, Missouri, have submitted a joint application for writ of *habeas corpus* together with a joint request for leave to file and proceed *in forma pauperis*.

In this instance the Court will disregard any technical irregularities of a

joint application for writ of *habeas corpus*, will treat the application as if separately filed and will consider the application on the merits.

## FACTS

On January 19, 1960, in the Circuit Court of the City of St. Louis, Missouri, petitioners were charged in substitute informations in lieu of previously filed indictments with the offense of Murder in the First Degree. The petitioners were thereafter tried together before a jury and, on June 13, 1960, the jury returned a verdict finding each guilty of Murder Second Degree. The jury assessed the punishment of Robert Williams at fifteen years in the penitentiary. The court found that James Cox had previously been convicted of a felony in the State of Missouri and assessed his punishment at imprisonment for a term of twenty years.

Petitioner James Cox filed a motion for a new trial on July 19, 1960. Petitioner Robert Williams filed a motion for a new trial or in the alternative for a judgment of acquittal on July 20, 1960. On October 10, 1960, each of these motions was overruled.

Both Cox and Williams appealed to the Supreme Court of Missouri. On November 11, 1961, the Missouri Supreme Court, Division No. 2, affirmed the judgment of conviction and the sentence of each petitioner. State v. Cox, Mo., 352 S.W.2d 665.

Petitioners state that James Cox filed an application for writ of *habeas corpus* in the Supreme Court of Missouri and that said petition was denied "for failure to state a claim on which relief might be granted." Petitioners fail to state the date of either the filing or denial of said petition except to state that both took place after the opinion of the United States Court of Appeals for the Eighth Circuit in Mahurin v. Nash (September 3, 1963) 8 Cir., 321 F.2d 662.

Each petitioner states that he has not filed any motion to vacate, set aside or correct his conviction and sentence under Rule 27.26 Missouri Rules of Criminal Procedure, V.A.M.S.

## RELIEF REQUESTED

Both Cox and Williams seek release from confinement contending that the conviction and imprisonment of each is illegal and invalid because of alleged violations of due process and equal protection of the law occurring during the trial of their cases.

## DISCUSSION

In Mahurin v. Nash, 8 Cir., 321 F.2d 662, and again in Donnell v. Nash, 8 Cir., 323 F.2d 850, and Hooper v. Nash, 8 Cir., 323 F.2d 995, the United States Court of Appeals for the Eighth Circuit announced the rule that a Missouri state prisoner must exhaust his state remedy by motion under Rule 27.26 of the Missouri Rules of Criminal Procedure before seeking *habeas corpus* relief in the federal courts. This rule affords the Missouri courts the opportunity to examine any claimed violation of rights of the convicted persons under state and federal jurisprudence and in the light of the United States Supreme Court decisions, including Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

Petitioners seek to avoid the application of this rule in their cases by asserting that:

" * * * the James Cox Petition for the writ of Habeas Corpus * * * was filed and prosecuted in the Supreme Court of Missouri, *AFTER* the 8th Circuit Court of Appeals, in Mahurin * * * showed that Court [the Missouri Supreme Court] the GRACE of according of its own accord those RIGHTS secured by the Federal Constitution."

What petitioners' argument overlooks is that the rule of the Mahurin case, supra, as reiterated in the Donnell and Hooper cases, supra, requires a state prisoner, as a condition precedent to instituting proceedings for relief in the federal courts, to afford the Missouri

courts, *both trial and appellate,* an opportunity to reexamine alleged legal infirmities in the prisoner's conviction or sentence under applicable state and federal jurisprudence by motion under Rule 27.26. As the Court of Appeals unequivocally stated in the Hooper case, 8 Cir., 323 F.2d at 996:

"Our ruling * * * requires a Missouri prisoner to accord the Missouri courts, *both trial and appellate,* an opportunity to deal with any claims of constitutional violation as to his conviction or sentence on the basis of the concepts and standards of Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.E.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, *through the filing of a motion by him under Rule 27.26* * * * before he seeks to have any scrutiny or consideration given to such claims by a federal court." (Emphasis added.)

An averment that the Missouri Supreme Court has denied, for failure to state a claim on which relief might be granted, a petition for a writ of *habeas corpus* originally filed therein does not show an exhaustion of presently available state remedies. Such a denial could be for failure to comply with Rule 91 of the Missouri Civil Rules in any essential respect, including failure to apply to the circuit court of the county wherein the petitioner is held in custody, Missouri Civil Rule 91.59, or for failure to state the facts entitling petitioner to release, or, conceivably, for failure to exhaust the post-conviction remedy provided by Rule 27.26 of the Missouri Criminal Rules.

■ Therefore the averment in this cause that petitioner Cox filed a petition for a writ of *habeas corpus* in the Missouri Supreme Court which was denied for failure to state a claim on which relief might be granted does not show an exhaustion of state remedies presently available to him. And the absence of such an averment on the part of petitioner Williams shows that he also has failed to exhaust the state remedies presently available to him.

It is therefore

Ordered that the petitioner James Cox and the petitioner Robert Williams be, and each is hereby, granted leave to file his petition for writ of *habeas corpus in forma pauperis.* It is further

Ordered that the petition of James Cox and the petition of Robert Williams be, and each is hereby, denied without prejudice for the reason that neither petitioner has sought relief in the Missouri Courts by motion under Rule 27.26 of the Missouri Rules of Criminal Procedure.