Ted **HARROALD**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 53937.

Supreme Court of Missouri,
Division No. 2.

March 10, 1969.

Ronald L. Little, Poplar Bluff, for appellant.

Norman H. Anderson, Atty. Gen., William L. CULVER, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

In seeking to set aside a sentence of seven years for a conviction of forgery in 1967, appellant presents these points requesting relief under Supreme Court Rule 27.26, V.A.M.R.:

That his constitutional rights were denied him because of failure to provide him counsel at the time of preliminary hearing, and prior to his waiver thereof, in Magistrate Court. That he had ineffective court-appointed counsel in these respects: he was prevented from filing a timely notice of appeal by reason of reliance upon advice and statements of counsel; his counsel failed to make opening and closing statements; and failed to offer any evidence on appellant's behalf. That he was placed in jeopardy a second time in Circuit Court by reason of the Magistrate taking his plea of guilty in the Magistrate Court at the time he appeared therein in preliminary proceedings.

It has long and often been held by this court that under the procedure of this state the preliminary hearing is not a critical stage so as to require appointment of counsel therein. State v. Peck, Mo., 429 S.W.2d 247, 249 [2, 3], and cases cited. There is absolutely no showing by appellant that anything which transpired in the Magistrate Court was used against him in his

Circuit Court trial to his prejudice so as to bring into play the principles of White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, all cited by appellant. See the discussion and distinguishing of Hamilton and White, supra, in State v. Smith, Mo., 411 S.W.2d 208, 209. The point is without merit.

As to appellant's contention that he had ineffective appointed counsel in that he was prevented from filing a timely notice of appeal, appellant's testimony on this hearing is this: He did not appeal his conviction, but tried to do so. [The entire record of the trial, here in evidence, shows that a motion for new trial was filed October 7, 1967, was argued and submitted to the court October 24, 1967, and was overruled on November 14, 1967. A notice of appeal was filed by appellant himself, without counsel, on November 29, 1967. Appellant was allowed to appeal in forma pauperis, but the appeal was dismissed by this court on December 13, 1967, being not timely filed.] After the sentence was imposed by the court appellant discussed with his attorney the question of whether he should appeal. His attorney told him he would appeal the case for him, but said it would probably take a year at least to get it into the Supreme Court, and that appellant would receive at least the maximum, which would be ten years. Appellant then told his attorney that he did not want him to appeal it. His attorney wrote out something stating that appellant did not want him to appeal the case, and appellant signed it. Appellant testified further on cross-examination that his counsel told him *probably* that if the sentence were set aside, appellant would wind up with ten years, and he then followed the attorney's advice and agreed not to appeal, and so told his attorney the same day he went to the penitentiary. In a few days (after talking with other inmates) he decided to file his notice of appeal. His attorney had nothing to do with appellant being late in filing the

notice—that was due to his tardiness after he reached the penitentiary. His attorney might have told him he had a limited time in which to appeal, but he did not recall what he said.

■ What appellant's counsel told him about appealing is that he *would* appeal the case for him, that it would take about a year to do so, and if the case were reversed for new trial appellant would receive a ten-year instead of a seven-year sentence. Appellant was a second offender, as alleged in the information, and would undoubtedly have been tried as such. Appellant's attorney, although appointed, was definitely willing to appeal the case. That it would have taken a year to perfect the appeal was not misadvice, and certainly the possibility or even the probability that appellant would receive a greater sentence on a new trial is likewise not misadvice. Appellant was informed and given the opportunity to weigh the possibilities, and, by his own testimony, he chose not to appeal and signed a statement to that effect. After that decision, appellant's attorney had nothing further to do with any notice of appeal—the delay was occasioned by appellant himself. In short, the delay was not occasioned by any ineffectiveness or negligence of appellant's attorney.

■■ Appellant's attorney did not make opening or closing statements. He was not compelled to do so, and if he chose not to make such statements, that is a part of trial strategy. The record here of the trial reveals that a strong case of forgery was made against appellant (he does not here contend that he was innocent). It is not suggested what could have been done to contradict the state's case. The allegation of failure to offer evidence in appellant's behalf is referred to only in his brief as a failure to call witnesses to establish his defense of double jeopardy—not to refute the state's case. That claimed defense is referred to below. As the state suggests, appellant's appointed counsel did an able job in representing appellant. He participated in the trial and made extensive objections; he examined prospective jurors; he participated in a hearing in chambers with respect to admissibility of proof of appellant's prior offense; he filed two motions to dismiss, and a motion for new trial which he argued for appellant. The contrary of appellant's assertion that he had ineffective counsel here abundantly appears.

■ Magistrate Jack Jolly testified that his docket sheet of June 14, 1967, shows that appellant pleaded guilty, and those words were stricken thereon by a line being drawn through by him. Appellant waived his preliminary hearing and was bound over to Circuit Court for trial. Apparently the Magistrate read the charge, asked him how he would plead, and then observed that it was a felony case, and scratched out the plea entry, and treated it as a felony case. This was entirely proper, and the only thing it indicates is that a mistake was made and was then corrected. Magistrate Courts have concurrent original jurisdiction only in misdemeanors cases. § 543.010, RSMo 1959, V.A.M.S. They have no jurisdiction to try a felony case, but are limited to the preliminary inquiry of whether there exists probable cause that a felony was committed, and that the defendant committed it. On such a finding, or waiver of the preliminary hearing, the Magistrate must bind the defendant over to Circuit Court for trial. Any plea of guilt entered in the Magistrate Court would be a nullity; only the Circuit Court has original, exclusive jurisdiction to try felony cases. State v. Crouch, Mo., 353 S.W.2d 597, 601 [8,9]; and see the early case of State v. Payne, 4 Mo. 376, where the defendant had been convicted and fined before a justice of the peace under the laws of the corporation of St. Louis for agreeing to assault another. He pleaded that conviction to an indictment for the same offense. It was held that the case was not triable before a justice of the peace, whose jurisdiction over the offense was excepted in the statute, but the jurisdiction belonged to the Circuit Court, and that the state's de-

murrer to defendant's plea should not have been overruled. Here, defendant's plea of guilty in Magistrate Court could not have been (and was not, when the mistake was discovered) accepted. The finding of the court on appellant's motion is not clearly erroneous as to any point raised.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.