**Ralph C. DE CLUE, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 18189–3.**

United States District Court,
W. D. Missouri, W. D.

March 23, 1970.

Ralph C. De Clue, pro se.

## ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus to accomplish his release from the penitentiary after, he contends, his state sentence has terminated. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he pleaded guilty in the Circuit Court of St. Francois County to "obtaining money by means of a bogus check" and "jail break"; that he was sentenced on those convictions "to 3 years to run concurrently imposed on 8–27–69"; that he did not appeal from the judgment of conviction or imposition of sentence; that he has filed a petition for writ of mandamus in the Circuit Court of Cole County with respect to the contention raised in the petition in this case; that the petition was denied on January 20, 1970; that petitioner then petitioned for a declaratory judgment in the Missouri Supreme Court and the petition was denied on March 9, 1970; that neither the decision of the Circuit Court of Cole County nor that of the Supreme Court of Missouri is "reported or publicized in national reporter systems, such being minute entry denials, without hearings or making findings"; and that he was represented by counsel at his arraignment and plea and at his sentencing.

Petitioner states the following as the grounds on which he bases his allegation that he is being held in custody unlawfully:

"Because petitioner is being held and required to serve a longer term of imprisonment than his commitment prescribes, and under the mandates of law as held in the State, and Federal Courts, contrary to 'due process of law' provided and guaranteed by the Fourteenth Amendment to the Constitution of the United States."

■■ Petitioner states the following as facts which support the above grounds:

"Petitioner was sentenced to a term of (3) years by the Circuit Court of St. Francois County, Missouri, to be served concurrently with a term of two (2) years previously assessed by the St. Francois County Circuit Court; in that the Court specifically 'directed' in the judgment of commitment that: * * * for a term of 3 years, this sentence to run concurrently with that sentence started on the date of August 27, 1969 providing credit for four months jail time to be deducted, and therefore, it is on the face of both judgments that they started on the date of August 27, 1969 for an aggreate (sic) total of three (3) years, with four and ½ months jail time to be deducted from the full lenght (sic) of service.

"On the date of January 20, 1970, petitioner received a notice from Mr. H. F. Lauf, Record Keeper, 'notifying petitioner that he was received on August 28, 1969 to serve a sentence of three (3) years, without permitting the jail time of four and one half months to be deducted from the sentence, and also advising petitioner that his ¾ths release date would be January 21, 1972, a total of 29 months, instead of the proper total of 27 months or less; thus, improperly and erroneously causing the petitioner to be required

to serve a longer term than which is provided by the judgment of commitment."

Whatever the merits of those contentions, it is readily apparent that petitioner has not yet exhausted his currently available state remedies. Therefore he cannot now invoke the habeas jurisdiction of this Court. See Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837; Under Section 2254, *supra*, state remedies are adequate and available when petitioner may present the question to the state courts by "any available procedure." Petitioner claims his right to release at the termination of his sentence by operation of the sentences, which, he claims, provided for the deduction of jail time prior to sentence under the provisions of Section 546.615 RSMo, and by operation of the "three-fourths" rule in Section 216.355 RSMo, providing for discharge after service of three-fourths of the full sentence "in an orderly and peaceable manner." Petitioner further states that his successive petitions for mandamus in the Circuit Court of Cole County and in the Missouri Supreme Court were denied by "minute entries" without a hearing or findings of fact. Summary denial of a petition for an extraordinary writ by the Missouri Supreme Court for failure to state a claim does not state the exhaustion of state remedies. Cf. Cox v. Nash (W.D. Mo.) 226 F.Supp. 87; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196. The denial of a petition for an extraordinary writ in such a manner may be for reasons other than lack of essential merit. This is particularly true in the case at bar, in which petitioner attempted to secure relief by a writ of mandamus and by declaratory judgment. It appears from the Missouri cases, however, that habeas corpus is available to assert one's right to release under the three-fourths rule. Ex parte Simpson, Mo., 300 S.W. 491; Ex parte Rody, 348 Mo. 1, 152 S.W.2d 657. At an appropriate time, pe-

titioner may therefore file a petition for habeas corpus raising these questions in the first instance in the Circuit Court in and for the county in which he is held. Rule 91.59, Mo.R.Civ.P., V.A.M.R. In the event of an adverse determination in that Court, petitioner may then file a successive petition for habeas corpus in the Missouri Supreme Court. Only when the Missouri Supreme Court has determined petitioner's contentions adversely to him on their merits can his remedies be regarded as exhausted with respect to them, provided he seeks to offer no new evidence in the federal district court. Russell v. Swenson, *supra*. Petitioner's petition for habeas corpus herein should therefore be dismissed without prejudice to his properly exercising his currently available and adequate state remedies.

From the facts alleged by petitioner, it does not appear that he is entitled to immediate release. He states that he should be scheduled to serve only 27 months from August 27, 1969. This places his termination date far in the future at this date. Under the rule followed in this Court, credits for good time and other statutory credits on a sentence must be sufficient to entitle one to release in the very near future or immediately to allow his petition to be cognizable in habeas corpus in the absence of exceptional circumstances. Young v. Harris (W.D.Mo.) 229 F.Supp. 922. Petitioner does not state facts entitling him to relief in federal habeas corpus, and his petition is therefore dismissed for that additional and independent reason.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Ordered that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.