Michael James **WHOLEY**, Petitioner,

v.

Cyriel **PROVYN**, Superintendent, Kansas City, Missouri, Men's Correctional Institution, Respondent.

Civ. A. No. 18830-3.

United States District Court, W. D. Missouri, W. D.

Nov. 19, 1970.

Michael James Wholey, pro se.

No response required of respondent.

ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict currently confined in the Men's Correctional Insti-

tution in Kansas City, Missouri, as the result of a conviction and sentence of the Circuit Court of Jackson County, petitions this Court for a writ of federal habeas corpus adjudicating his conviction to have been secured in violation of his federal rights. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was charged with disturbing the peace in the Municipal Court of Kansas City, Missouri; that he was found guilty of this charge and sentenced on April 22, 1970, to one year in the Municipal Farm and a fine of $500; that he appealed this judgment to the Circuit Court of Jackson County, which heard the case *de novo* and found petitioner guilty as charged and imposed a sentence on June 12, 1970, of one year in the Municipal Farm and a fine of $500; that petitioner "appealed" the judgment of conviction and imposition of sentence by the Circuit Court of Jackson County by filing successive petitions for habeas corpus in the Circuit Court of Jackson County, in the Kansas City Court of Appeals and in the Missouri Supreme Court, all of which were summarily denied without opinions on the respective dates of September 3, 1970, October 2, 1970, and November 11, 1970; and that petitioner is represented by counsel on the preparation of this petition. It further appears that, after the filing of the petition herein, Arthur A. Benson II, Esquire, entered his appearance as counsel for petitioner on November 18, 1970.

Petitioner states the following as grounds for his allegation that he is being held in custody unlawfully:

"(a) At the time of the Municipal Court trial the City of Kansas City sentenced me to one year without providing the opportunity for a trial by jury as required by the Sixth Amendment and the cases of Duncan v. Louisiana [391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491] and Baldwin v. New York [399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437]."

Petitioner states the following as facts which support the above grounds:

"(a) Until July, 1970 the maximum penalty for a violation of Kansas City's disturbing the peace ordinance was one year on the farm and a $500 fine. In July, the City reduced the ordinance to a maximum penalty of six months."

■■ Whatever the merits of petitioner's contentions, he has not exhausted his currently available state remedies. In the absence of exceptional circumstances not stated to be present in this case, a state prisoner must exhaust his currently available state remedies before invoking federal habeas jurisdiction. Section 2254, Title 28, United States Code; Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837. Under the provisions of Section 2254(c), *supra*, a state prisoner is deemed to have currently available state remedies so long as he may present his claim to the state courts by "any available procedure." In the petition at bar, petitioner contends that he has exhausted his currently available state remedies by virtue of having had his petition for habeas corpus in the Missouri Supreme Court summarily denied without hearing or opinion. But it is well established that summary denial of a petition for habeas corpus by the Missouri Supreme Court does not constitute exhaustion of state remedies. Cox v. Nash (W.D.Mo.) 226 F.Supp. 87. In that case, it was said:

"An averment that the Missouri Supreme Court has denied, for failure to state a claim on which relief might be granted, a petition for *habeas corpus* * * * does not show an exhaustion of presently available state remedies. Such a denial could be * * * for failure to state the facts entitling petitioner to release, or, conceivably, for failure to exhaust the post-conviction remedy provided by Rule 27.26 of the Missouri Criminal Rules." 226 F.Supp. at 89.

In the case at bar, similarly, petitioner may have an adequate remedy in the

courts of Missouri by filing a motion to vacate his conviction and sentence in the Circuit Court of Jackson County under the provisions of Missouri Criminal Rule 27.26, V.A.M.R. When an appeal is taken to the Circuit Court of Jackson County from a Municipal Court judgment of conviction, the proceeding is in the nature of a criminal appeal from a magistrate and therefore within the criminal jurisdiction of the Circuit Court. Section 98.020 RSMo, V.A.M.S.; Cf. Harroald v. State, Mo., 438 S.W.2d 202, 204. Although it has been said that "a proceeding for violation of a city ordinance is in the nature of a civil action," Kansas City v. Stricklin, Mo., 428 S.W.2d 721, 725, it has also been said by the Missouri courts that, "on appeal from a judgment of a police court in a proceeding for violating an ordinance the subsequent circuit court procedure must be in accordance with the criminal, and not the civil code," Kansas City v. Martin, Mo.App., 369 S.W.2d 602, 608; City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935, and that the procedure on appeal from the Municipal Court conviction must be in accordance with the Criminal Rules. Kansas City v. Stricklin, *supra*. This has been held to include the right to a jury trial. City of St. Louis v. Moore, Mo.App., 288 S.W.2d 383. While there is no published controlling opinion by the Missouri Supreme Court on the question, it appears that Missouri Criminal Rule 27.26 is available as the proper method of collaterally attacking a Circuit Court conviction and sentence rather than Missouri Civil Rule 91 (habeas corpus). Petitioner should therefore file a motion to vacate his sentence in the Circuit Court of Jackson County under the provisions of Missouri Criminal Rule 27.26. From any adverse decision of that court on that motion, petitioner should appeal to the appropriate appellate court. In the absence of exceptional circumstances not stated to be present in this case, only when the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions can his state remedies under Missouri Criminal Rule 27.26 be deemed exhausted for the purposes of federal habeas jurisdiction. Section 2254, *supra*; Fay v. Noia, *supra*; Bosler v. Swenson (C.A.8) 423 F.2d 257; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; White v. Swenson (W.D.Mo. en banc) 261 F.Supp. 42; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196; Cox v. Nash, *supra*.

For the foregoing reasons, it is

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.