William Junior WEEMS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54411.

Supreme Court of Missouri,
Division No. 2.

Nov. 23, 1970.

Harry H. Bock, New Madrid, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voights, First Asst. Atty. Gen., Jefferson City, for respondent.

On May 24, 1966, William Junior Weems entered a plea of guilty to grand larceny, the theft of batteries and a radiator from a tractor and a truck, was sentenced to four years' imprisonment and "placed on probation." Subsequently probation was revoked and Junior is now confined in the Missouri Training Center at Moberly. On October 22, 1968, he instituted this 27.26 proceeding alleging Sixth and Fourteenth constitutional amendment violations in that he "received inadequate and ineffective representation and assistance of counsel," particularly in that he was denied due process by reason of the court's failure "to appoint counsel at arraignment, plea of guilty, and sentencing." There was a full hearing upon the 27.26 motion in which Junior was represented by court-appointed counsel at which Junior was the only witness. At the conclusion of the hearing the court in its finding of fact and conclusions of law found all issues against Junior and he has appealed, again represented by counsel who briefed and argued his cause now claiming (1) that he was not advised of his right to counsel at his preliminary and therefore could not intelligently waive the right to counsel in magistrate court and (2) if he had had counsel in the circuit court his counsel would have learned that he denied the theft and that there was available evidence to establish the fact of his innocence.

The record reveals, by Junior's own testimony and recitation, the following facts: He said that he was twenty-two years of age with a ninth-grade education, that when he was charged with grand larceny he was employed and able to employ counsel of his own choice but did not do so because "I didn't think I—we would need it really." He said that when he entered the plea of guilty in the circuit court that he was able to employ counsel but did not do so because "Well, I figured I would either make probation or have a fine to pay" especially after "all of the stuff was recovered" and "the guy that we got the stuff from" and a deputy-sheriff

so indicated. But whatever the circumstances attending his plea of guilty, Junior admits that he was placed on probation and that his parole officer was Mr. Clodfelter. He left the jurisdiction not only of New Madrid County but of Missouri and was in Phoenix, Arizona and California. For the reason that he had violated the terms of his probation, particularly in going to California without permission, his parole was revoked and he was again sentenced. By his own admission and as the court found in this proceeding, the court appointed and Junior was represented by counsel, Mr. Larry Rost, on the hearing to revoke his parole and "did properly represent the plaintiff and presented evidence in favor of the plaintiff and otherwise did properly represent him."

In these circumstances, being represented by counsel on the revocation of parole there was no infringement of constitutional safeguards as set forth in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336. In the magistrate court proceedings, the preliminary, and in the circuit court (he was released on bond) when he entered a plea of guilty he was able by his own statement to employ counsel but was of the opinion that on both occasions counsel was unnecessary because he would receive a parole and as he expected that was precisely what he did receive. This is all aside from the fact that it does not appear what if anything detrimental to his rights may have occurred in either the magistrate court on preliminary or upon his plea of guilty in the circuit court except that the circuit judge told him that he was entitled to counsel and that if he was unable to employ counsel the court would appoint a lawyer to represent him. In these circumstances as to his claim of infringement of rights from lack of counsel at any stage, the court's findings of fact and law are indeed supported and there has been no infringement of constitutional rights as in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. Compare Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 and McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763. Missouri cases governing and controlling the precise circumstances, all of which consider all the federal cases on the subject of an accused's right to counsel are Crosswhite v. State, Mo., 426 S.W.2d 67; Harroald v. State, Mo., 438 S.W.2d 202; State v. Hill, 438 S.W.2d 244; State v. Owens, Mo., 391 S.W.2d 248; State v. Hegwood, Mo., 415 S.W.2d 788 and Abercrombie v. State, Mo., 457 S.W.2d 758.

As indicated, in the argument portion of his brief Junior argues that had he the benefit of counsel in the circuit court a lawyer would have discovered that he denied the theft and there was proof of his innocence and that he entered a plea of guilty to protect his brother. It developed, however, upon his offer of proof in his 27.26 hearing that what he relied on was that Roger Allen, the operator of the salvage yard, would say that Junior "was not present when the battery and radiator * * * was sold by Jerry Weems" (his brother). Aside from the fact that the proffered testimony does not necessarily establish Junior's innocence, as to this point the trial court specifically found the allegation "not worthy of belief." Thus Junior has failed to sustain his burden of establishing that lack of counsel at any stage of his proceedings and trial infringed his constitutional rights in any manner. Crosswhite v. State, supra, State v. Owens, supra. Accordingly the judgment is affirmed.

PER CURIAM: The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

STOCKARD and PRITCHARD, CC., concur.

DONNELLY, P. J., MORGAN, J., and YEAMAN, Special Judge, concur.

FINCH, J., not sitting.