**Horace L. MIDGETT, Petitioner,**

v.

**Hugh GRANT, Superintendent, Municipal Correctional Institution, Kansas City, Missouri, Respondent.**

**Civ. A. No. 19275–3A.**

United States District Court,
W. D. Missouri, W. D.

May 18, 1971.

Horace L. Midgett, pro se.

Dan G. Jackson, Asst. City Counselor, Kansas City, Mo., for respondent.

## JUDGMENT DENYING PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Petitioner, an inmate of the Municipal Farm at 8100 Ozark Road, Kansas City, Missouri, orginally addressed a letter to this Court complaining in behalf of himself and others who allegedly had been arrested for drunkenness and placed in the "Municipal Farm" ("Municipal Correctional Institution") because of their inability to pay fines that their rights under the recent Supreme Court case of Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, had been violated.

Thereupon, under a memorandum from the law clerk of this division to the Clerk of this Court, a copy of which was sent to petitioner, the Clerk was requested to transmit habeas corpus forms to

petitioner on which he might formally petition this Court.

By his letter dated March 31, 1971, and received in this Court on April 2, 1971, petitioner states as follows:

"The papers I got in the mail. I filled them out Monday and they won't mail them. They keep holding them up in the office. I am locked up and can't keep it. They don't want nobody to tell it the way it is run out hear (sic), and you do your time before you get to appeal court. Hear (sic) is some of the clipping in the paper. This is just as bad." [Petitioner appends newspaper clippings concerning litigation regarding prisoner allegations of cruel and unusual punishment in state prisons.]

By another letter also received in this division on April 2, 1971, petitioner stated that he was subjected to cruel treatment in the "Municipal Farm" in being forced to labor beyond what his physical condition would stand; that policemen are granted a bounty of $10 for arresting "drunks"; and that he was not granted due process of law in being found guilty of drunkenness and that he was denied an appeal.

Because petitioner might thereby have stated denials of one or more of his federal rights, including denial of access to the Courts by reason of the alleged prevention of his mailing habeas corpus forms to this Court, petitioner's letters received April 2, 1971, were treated as a petition for habeas corpus. To save time and unproductive effort, petitioner was granted leave to proceed in forma pauperis, and a show cause order was issued on April 9, 1971, to grant respondent an opportunity to reply to petitioner's factual allegations.

Respondent's response was filed on April 23, 1971. Therein respondent averred that petitioner "is now in custody under two separate Judgments and Sentences rendered in Division 4 of the Municipal Court of Kansas City [for drunkenness and resisting arrest]"; that "petitioner was convicted on two separate charges and was sentenced to thirty (30) days on each charge, sentences to run consecutively"; that "petitioner did fail to make a timely appeal within the required ten (10) days and as a result did fail to exhaust his state remedies"; that "defendant (sic) is not being held due to his inability to pay a monetary fine", but rather was sentenced to confinement because of his "past record which consists of two (2) prior felony convictions and one hundred nineteen (119) prior misdemeanor convictions"; and that "petitioner will be released from the Municipal Correctional Institution of Kansas City, Missouri, at approximately 10:00 a. m. on April 24, 1971."

■ It was, after the filing of the response, ascertained that petitioner had been released from the Municipal Farm at the time stated in the response. Insofar as petitioner complains of conditions of confinement therein, therefore, his petition is moot. Ayers v. Ciccone (C.A.8) 431 F.2d 724, 726; Harper v. Ciccone (C.A.8) 434 F.2d 247.

■ The petition was not, by the same fact, moot, however, respecting petitioner's allegations of improper commitment to the "Municipal Farm" and the constitutional violations alleged in the securing of his "conviction" in the Municipal Court. Carafas v. LaVallee, 391 U.S. 234, 237–239, 88 S.Ct. 1556, 20 L.Ed.2d 554; Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. Nor did it appear that petitioner still had currently available, adequate state remedies in this regard. Respondent contended that the petition herein should have been dismissed for failure to exhaust state remedies because Division 1 of this District Court dismissed for failure to exhaust state remedies a petition by the same petitioner on April 7, 1971 challenging the same city commitment. The judgment in that case was attached to the response in the case at bar, and reads as follows:

"Petitioner, an inmate of the Kansas City Municipal Correctional Institu-

tion, alleges that on February 24, 1971 he was sentenced to serve two consecutive thirty (30) day sentences at the respondent's institution following his conviction in Kansas City Municipal Court for intoxication in public and interfering with an officer. As his sole ground for seeking federal habeas corpus relief, the petitioner alleges that he was unlawfully deprived of twenty (20) days' good time credit.

"It is neither alleged nor apparent in the files and records of this case that the petitioner has sought to exhaust his available state court remedies. Accordingly, the petition must be dismissed without prejudice to the petitioner's right to seek appropriate relief in the courts of Missouri."

But that petition was based upon conditions of confinement in the "Municipal Farm," an allegation with respect to which petitioner may still have had currently available, adequate state remedies on April 7, 1971. But petitioner in this case no longer has any adequate state remedy, apparently, by which to challenge the validity of his conviction in the Municipal Court. As respondent suggests, petitioner's right of appeal to the Circuit Court of Jackson County must have been exercised within ten days of February 24, 1971, or it was lost. See §§ 98.020, 98.630 RSMo., V.A.M.S. The only circumstances extending that time, apparently, are if the Municipal Judgeship is in the meantime vacant or the party seeking to appeal dies; then, the ten days runs from the time the judgeship is filled or when an executor or administrator shall have been appointed. § 512.260 RSMo., V.A.M.S. If petitioner could still appeal to the Circuit Court and were convicted on a trial de novo there, the remedies providing for postconviction motions under Missouri Criminal Rule 27.26 V.A.M.S. might apply. See Wholey v. Provyn (W.D.Mo.) 332 F.Supp. 152. But the right of appeal has apparently been lost and petitioner is currently without any adequate state remedy by which to make his contentions under the rule of Tate v. Short, supra. Peti-

tioner was therefore granted an opportunity in which to admit or deny the factual averments of the response of respondent in this respect.

For the foregoing reasons, it was ordered on April 26, 1971, that petitioner file his traverse in writing of respondent's response within 10 days of the date of this order, in which traverse petitioner should admit or deny the averments of the response.

Petitioner has not, however, responded to the order directing him to file a traverse of the response. Therefore, the uncontradicted averments of the response must be accepted as true. It is averred that petitioner was sentenced after a substantively and procedurally fair hearing to the Municipal Correctional Institution because of a very long history of prior convictions. Therefore, it cannot be concluded that petitioner's rights under the decision in Tate v. Short, supra, have been violated. It is therefore

Adjudged that the petition for habeas corpus herein be, and it is hereby, denied.