**Dale Edwin MANNING, Petitioner,**

v.

**Harold R. SWENSON, Respondent.**

**Civ. A. No. 1898.**

United States District Court,
W. D. Missouri,
Central Division.

June 8, 1973.

---

2. See note 1.

See also, D.C., 360 F.Supp. 365.

Dale Edwin Manning, pro se.

Stephen Hoyne, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## FINAL JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

This is a petition and amended petition[1] for federal habeas corpus by a state convict in custody at the Missouri State Penitentiary. The petitioner is in custody under a judgment and sentence of the Circuit Court of Audrain County, State of Missouri, in which he was convicted of "Uttering a forged check" in violation of § 561.090 RSMo, V.A.M.S. The petitioner seeks an adjudication that his statutory credit for good conduct under Missouri's "three-fourths rule", § 216.355, RSMo (1949), V.A.M.S., and credit for meritorious special service has been unlawfully forfeited in violation of his federal constitutional rights. Petitioner requests leave to proceed in *forma pauperis*. Leave to proceed in *forma pauperis* has been granted.

In his amended petition on the printed habeas corpus form required to be used under Local Rule 22 of this Court, peti-

---

1. The *pro se* document originally filed herein by petitioner was entitled "Application For Petition For Declaratory Judgment" wherein he sought equitable and declaratory relief under the federal Civil Rights Act, 42 U.S.C. § 1983, and 28 U.S.C. §§ 2201 and 2202. An order was entered by this Court on April 27, 1973 treating the *pro se* document as a petition for habeas corpus. Petitioner was ordered to file an amended petition on the forms required under Local Rule 22 of this Court, and a newly numbered Court file was opened as a civil rights complaint under § 1983 by filing therein a copy of the *pro se* document originally filed by petitioner.

tioner states that he was convicted on his plea of guilty; that his sentence was imposed on the 16th day of November, 1971, for a period of 4 years; that he did not appeal from the judgment of conviction and imposition of sentence; petitioner does not state whether he has filed any prior petitions, motions, or applications with respect to his present custody or any of its conditions or with respect to the conviction and sentence under which he is in custody; and petitioner also fails to state whether he was represented by counsel at any stage of the proceedings against him in the state courts of Missouri.

As grounds in support of his contention that his "good time" and "merit time" has been unlawfully forfeited, petitioner states:

"*Respondents (sic) Acts or Wrongdoing*

"(A) . . . That the petitioner was not afforded procedural due process in the disciplinary proceedings on the Missouri Department of Corrections Adjustment Board Meeting to remove all merit time and statute good time earned in the past and the future on the sentence now being served.

"(B) . . . That the respondents did act in a arbitrary, capricious and did impose invidious discrimination on the petitioner by taking the ¾th time granted by statute.

"(C) . . . That the respondents use a double standard in respect to punishment for the offense of escape, returning blood time, merit time and restoring the right to earn future good time."

 Regardless of the merits of petitioner's contentions, from the foregoing allegations of petitioner, construed in the light most favorable to him under the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, it must be concluded that a dismissal of the petition herein is warranted. In the absence of exceptional circumstances not stated to be present in this case, it is well settled that currently available and adequate state remedies must be exhausted by a state prisoner before he may invoke federal habeas jurisdiction. 28 U.S.C. § 2254, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. A state prisoner's state remedies are not exhausted under § 2254 so long as he may present the question to the state courts "by any available procedure." It appears from the Missouri cases that habeas corpus is available to assert one's right to release under the three-fourths rule. Ex parte Simpson, 300 S.W. 491 (Mo.1927); Ex parte Rody, 348 Mo. 1, 152 S.W.2d 657 (1941); see also DeClue v. Swenson (W.D.Mo.) 313 F.Supp. 274.

The importance of affording the State of Missouri the first opportunity to correct the alleged wrongs alleged in the petition at bar was recently emphasized by the Supreme Court of the United States in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, at page 1837, 36 L.Ed.2d 439:

"It is difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons. The relationship of state prisoners and the state officers who supervise their confinement is far more intimate than that of a State and a private citizen. For state prisoners, eating, sleeping, dressing, washing, working, and playing are all done under the watchful eye of the State, and so the possibilities for litigation under the Fourteenth Amendment are boundless. What for a private citizen would be a dispute with his landlord, with his employer, with his tailor, with his neighbor, or with his banker becomes, for the prisoner, a dispute with the State. Since these internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems. Moreover, because most potential litigation involving

state prisoners arises on a day-to-day basis, it is most efficiently and properly handled by the state administrative bodies and state courts, which are for the most part, familiar with the grievances of state prisoners and in a better physical and practical position to deal with those grievances . . . The strong considerations of comity that require giving a state court system that has convicted a defendant the first opportunity to correct its own errors thus also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons."

The claims of petitioner in the case at bar are substantially identical to those presented in the *Preiser* case. The Supreme Court held that the state prisoners were required to exhaust currently available state remedies before invoking federal habeas jurisdiction. It was further held that the federal habeas corpus statute is the exclusive remedy "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or more speedy release from that imprisonment. . . ." Preiser v. Rodriguez, *supra*, 93 S.Ct. at 1841.

Petitioner should therefore not only file a petition for habeas corpus in the first instance in the circuit court in and for the county in which he is held, Rule 91.59, Mo.R.Civ.P., V.A.M.R., but if that court rules adversely on his petition, he should successively file a petition for habeas corpus in the Missouri Supreme Court. In the absence of exceptional circumstances not stated to be present in the case at bar, only when the Missouri Supreme Court has ruled adversely to petitioner on the petitioner's contentions can his state remedies be exhausted under 28 U.S.C. § 2254. Preiser v. Rodriguez, *supra*; Fay v. Noia, *supra*; Cox v. Nash (W.D.Mo.) 226 F. Supp. 87; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196.

It is therefore

Ordered and adjudged that the petition herein for federal habeas corpus be, and it is hereby, dismissed without prejudice.