Colby Eugene **WILLIAMS**, Petitioner,

v.

Carl **WHITE**, et al., **Respondents.**

No. 88–1011–CV–W–6–P–JWO.

United States District Court,
W.D. Missouri, W.D.

Feb. 6, 1989.

Colby Eugene Williams, Columbia, Mo., pro se.

Patrick King, Missouri Atty. Gen., Jefferson City, Mo., for respondents.

### MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE

JOHN W. OLIVER, Senior District Judge.

This State prisoner habeas corpus case pends in this division of this Court pursuant to an order of transfer entered by the Honorable Howard F. Sachs. The order to show cause entered by Judge Sachs accurately states that petitioner challenges his 1983 conviction and sentence for second degree burglary entered in the Circuit Court of Boone County, Missouri.

Petitioner alleges that the State court's judgment and sentence are invalid in that the form of the papers is not the standard form; that the papers did not state any previously imposed sentence; and the facts concerning his previous judgment and sentences are stated incorrectly on the form. Thus, petitioner alleges that his continued confinement violates his federal constitutional rights.

The respondent's response concedes that petitioner properly presented the questions raised in his pending petition for federal habeas corpus in a petition for State habe-

as corpus relief filed in the Circuit Court of Cole County, Missouri. Respondent points out, however, that petitioner has failed to file a second petition for State habeas corpus relief in the Missouri Court of Appeals, Western District, and contends that this case should be dismissed without prejudice in that petitioner has failed to exhaust his available State court postconviction remedies. Assuming without deciding that petitioner has presented a federal constitutional claim, we agree with respondent's contention that petitioner has failed to exhaust his available State postconviction remedies.

As recently as January 26, 1989, this Court dismissed a State prisoner habeas corpus case without prejudice for failure to exhaust which presented the same procedural situation. *See Boyd v. White,* No. 89-0043-CV-W-JWO, —— F.Supp. ——. *See also Manning v. Swenson,* 360 F.Supp. 362 (W.D.Mo.1973).

In *Boyd* we noted that the exhibits attached to the petitioner's petition in that case established that in a letter dated January 3, 1988 to petitioner, "the Deputy Clerk of Cole County Circuit Court erroneously advised petitioner that 'since your petition for habeas corpus has been denied by this Court, you can now file your petition in Federal Court.'"

The traverse filed by the petitioner in this case reflects that the same erroneous advice has been given other State prisoners whose petitions for State habeas corpus relief have been denied by the Circuit Court of Cole County. For petitioner in this case attached a copy of a September 6, 1988 letter written to one Benjamin E. Henderson, the petitioner in *Henderson v. White,* Case No. CV188-530CC, by a Deputy Clerk of the Circuit Court of Cole County, Missouri which stated:

Dear Mr. Henderson:

We have been advised by the Judges of this court that there is no appeal on a Habeas Corpus.

However, since your petition for Habeas Corpus has been denied by this court, you can now file your petition in Federal Court.

Erroneous advice given State prisoners by the Deputy Clerk of the Circuit Court of Cole County, Missouri unnecessarily complicates the processing of federal habeas corpus petitions that are filed in this Court and wastes the time and limited resources of the Attorney General. This Court will be grateful if the Attorney General would take appropriate steps to have the Clerk's office of Cole County, Missouri give State prisoners accurate advice in regard to exhaustion that is consistent with the position which the Attorney General properly maintains in this Court.

For the reasons stated, it is

ORDERED that petitioner's petition for habeas corpus should be and is hereby dismissed without prejudice for failure to exhaust available State court postconviction remedies.